## C. J. TOWER & SONS *v.* UNITED STATES

**No. 5937.**—Invoices dated Toronto, Canada, December 27, 1941, etc.
Entered at Niagara Falls, N. Y., December 27, 1941, etc.
Entry No. 4676, etc.

(Decided October 11, 1943)

*Lamb & Lerch* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

WALKER, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated by and between Paul P. Rao, Assistant Attorney General, counsel for the defendant and Lamb & Lerch, counsel for the plaintiff, subject to the approval of the court:

1. That the merchandise covered by the appeals to reappraisement involved in this case and set forth in the annexed schedule A consists of leather imported from Canada;

2. That said leather was entered under duress to meet the advances being made by the appraiser in a similar case, namely, Rouses Point Entry #1999 etc., Reappraisement No. 138911–A, etc. (decided in Reap. Dec. 5607);

3. That said leather was appraised on the basis of a foreign value equal to the importer's claimed value plus a Canadian sales tax of 8 per centum;

4. That an investigation has disclosed that this merchandise and merchandise similar thereto was not subject to the 8% Canadian sales tax;

5. That the market value or price, at the time of exportation, of this merchandise at which such or similar merchandise was freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the appraised values less any additions for Canadian sales tax which the importer made under duress at the time of entry;

6. That on the dates of exportations herein involved there was no higher export value, and

7. That these appeals to reappraisement may be submitted on this stipulation.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930 as amended, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less any additions for Canadian sales tax which the importer made under duress at the time of entry.

Judgment will be rendered accordingly.